ORIGINAL



1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

10                      UNITED STATES DISTRICT COURT                    **PJH**

11                    NORTHERN DISTRICT OF CALIFORNIA

12  CRAIG YATES, an individual; and          )  **CASE NO.** 08      4463
    DISABILITY RIGHTS, ENFORCEMENT,           )  **Civil Rights**
13  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
14  corporation,                              )  **AND DAMAGES:**
                                              )
15          Plaintiffs,                       )  **1st CAUSE OF ACTION:** For Denial of Access
                                              )  by a Public Accommodation in Violation of the
16  v.                                        )  Americans with Disabilities Act of 1990 (42
                                              )  U.S.C. §12101, *et seq.*)
17  FUNE YA JAPANESE RESTAURANT,             )
    INC., a California corporation; and       )  **2nd CAUSE OF ACTION:** For Denial of Full
18  RONALD B. WONG and IRENE SOO             )  and Equal Access in Violation of California
    HOO WONG or the SUCCESSOR in              )  Civil Code §§54, 54.1 and 54.3
19  TRUST, TRUSTEES of a REVOCABLE            )
    TRUST of January 19, 1996,                )  **3rd CAUSE OF ACTION:** For Denial of
20                                            )  Accessible Sanitary Facilities in Violation of
                                              )  California Health & Safety Code §19955, *et seq.*
21          Defendants.                       )
    _____)  **4th CAUSE OF ACTION:** For Denial of
22                                               Access to Full and Equal Accommodations,
                                                 Advantages, Facilities, Privileges and/or
23                                               Services in Violation of California Civil Code
                                                 §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                               **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants FUNE YA

4  JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and

5  IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE

6  TRUST of January 19, 1996 and allege as follows:

7  **INTRODUCTION:**

8    1.    This is a civil rights action for discrimination against persons with physical

9  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

10 members, for failure to remove architectural barriers structural in nature at defendants' FUNE

11 YA JAPANESE RESTAURANT, a place of public accommodation, thereby discriminatorily

12 denying plaintiffs and the class of other similarly situated persons with physical disabilities

13 access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

14 goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and

15 damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

16 California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

17 *seq.*

18    2.    Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

19 March 10, 2008, March 14, 2008, March 16, 2008, August 15, 2008 and August 23, 2008, was an

20 invitee, guest, patron, customer at defendants' FUNE YA JAPANESE RESTAURANT, in the

21 City of San Francisco, California.  At said time and place, defendants failed to provide proper

22 legal access to the sushi bar, which is a "public accommodation" and/or a "public facility"

23 including, but not limited to entrance, dining area, men's restroom and women's restroom.   The

24 denial of access was in violation of both federal and California legal requirements, and plaintiff

25 CRAIG YATES suffered violation of his civil rights to full and equal access, and was

26 embarrassed and humiliated.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 354 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.     Plaintiff CRAIG YATES  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.      That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject FUNE YA JAPANESE RESTAURANT, and that the interests of plaintiff DREES in removing architectural barriers at the subject sushi bar advance the purposes of DREES to assure that all public accommodations, including the subject sushi bar, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.      Defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as FUNE YA JAPANESE RESTAURANT, located at/near 354 Clement Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.      At all times relevant to this complaint, defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996, own and operate in joint venture the subject FUNE YA JAPANESE RESTAURANT as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code

2  §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

3       10.    At all times relevant to this complaint, defendants FUNE YA JAPANESE

4  RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO

5  HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of

6  January 19, 1996 are jointly and severally responsible to identify and remove architectural

7  barriers at the subject FUNE YA JAPANESE RESTAURANT pursuant to Code of Federal

8  Regulations title 28, section 36.201(b), which states in pertinent part:

9          **§ 36.201     General**

10       (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public

11  accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the

12  requirements of this part.  As between the parties, allocation of
responsibility for complying with the obligations of this part may

13  be determined by lease or other contract.

14       28 CFR §36.201(b)

15  **PRELIMINARY FACTUAL ALLEGATIONS:**

16       11.    The FUNE YA JAPANESE RESTAURANT, is a restaurant, located at/near 354

17  Clement Street, San Francisco, California.  The FUNE YA JAPANESE RESTAURANT, its

18  entrance, dining area, men's restroom, women's restroom and its other facilities are each a "place

19  of public accommodation or facility" subject to the barrier removal requirements of the

20  Americans with Disabilities Act.  On information and belief, each such facility has, since July 1,

21  1970, undergone "alterations, structural repairs and additions", each of which has subjected the

22  FUNE YA JAPANESE RESTAURANT and each of its facilities, its entrance, dining area, men's

23  restroom and women's restroom to disability access requirements per the Americans with

24  Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

25  regulations (Title 24).

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12. At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the FUNE YA JAPANESE RESTAURANT as being handicapped accessible and handicapped usable.

14. On or about March 10, 2008, March 14, 2008, March 16, 2008, August 15, 2008 and August 23, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject FUNE YA JAPANESE RESTAURANT, with his friends or by himself, for purposes of having food and beverage.

15. On or about March 10, 2008, plaintiff CRAIG YATES attempted to enter FUNE YA. This entrance was problematic. There are two (2) double doors which are somewhat narrow. One of the doors was affixed shut. A waitress saw plaintiff CRAIG YATES struggle with a door and assisted plaintiff CRAIG YATES. There was also a lack of a level landing which compounded the entry problem.

16. There was no accessible seating around the counter where the sushi dishes, which sit on floating boats, circle inside the oblong counter. The boats are actually in a circular water way.

17. At said time and place, plaintiff CRAIG YATES needed to use the men's restroom. Plaintiff CRAIG YATES rolled to the door and opened it but the maneuvering area looked small. Plaintiff CRAIG YATES declined to proceed further.

18. On or about March 14, 2008, plaintiff CRAIG YATES returned. Plaintiff CRAIG YATES encountered all the same barriers. Plaintiff CRAIG YATES was able to enter the restaurant as a patron was exiting.

19. At said time and place, plaintiff CRAIG YATES needed to use a restroom and wheeled to the restroom(s). The door pressure was excessive. Plaintiff CRAIG YATES peered in, and decided not to chance it.

///

///

///

20.     On or about March 16, 2008, plaintiff CRAIG YATES returned to FUNE YA JAPANESE RESTAURANT with his friends, Erika Noli and Izamar Espinal.  The doors were closed.  Plaintiff CRAIG YATES could not enter until, Erika opened the door for him.  Once inside, plaintiff CRAIG YATES could not access the sushi counter.

21.     At said time and place, plaintiff CRAIG YATES needed to use a restroom. Plaintiff CRAIG YATES approached the men's restroom, opened the door and decided against attempting to use the water closet.

22.     Plaintiff CRAIG YATES received a letter dated March 17, 2008, acknowledging plaintiff CRAIG YATES's letter, his suggestions and that the problems were fixed.  Plaintiff CRAIG YATES assumed that FUNE YA was addressing the access issues.

23.     On or about August 15, 2008, plaintiff CRAIG YATES returned to FUNE YA with Erika Noli and Izamar Espinal.  No changes had been made to the doors.  One door was still pinned shut.  Erika opened a door, and plaintiff CRAIG YATES proceeded in.  Plaintiff CRAIG YATES attempted to access the sushi boats but was unable to do so.  Plaintiff CRAIG YATES had his friends, Erika and Izamar reach the food that he selected.

24.     At said time and place, plaintiff CRAIG YATES wheeled to the restroom(s).  This time plaintiff CRAIG YATES proceeded in.  It did not appear that anything had been done to make the restroom accessible or usable.  Plaintiff CRAIG YATES used the restroom.  Plaintiff CRAIG YATES in attempting to leave the restroom, stressed and strained himself in the process, and became trapped in the restroom.  Plaintiff CRAIG YATES had to wait until a male patron came to assist him in extricating himself from the restroom.

25.     On or about August 23, 2008, plaintiff CRAIG YATES returned to the FUNE YA JAPANESE RESTAURANT with Erika Noli and Izamar Espinal.  Plaintiff CRAIG YATES could only gain entry when Erika opened the door.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     Plaintiff CRAIG YATES encountered the same barriers at the sushi bar as he had on all prior visits.

27.     At said time and place, plaintiff CRAIG YATES sought to enter the men's restroom and did so.  Once inside the men's restroom, plaintiff CRAIG YATES was unable to exit the restroom until a patron entered.

28.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject FUNE YA JAPANESE RESTAURANT which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of an accessible entrance due to lack of a level landing and narrow doors;

    b.    lack of an accessible dining area; 5% compliance requirement;

    c.    lack of a handicapped-accessible women's public restroom;

    d.    lack of a handicapped-accessible men's public restroom;

    e.    lack of reduced door pressure throughout; and

    f.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

29.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

30.     On or about March 12, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Defendants' responded with a letter dated March 17, 2008, leading plaintiff CRAIG YATES to

2   believe that all barriers would be removed.  No barriers as of the date of filing this complaint have

3   been removed.   Said letters are attached hereto collectively as exhibit "A" and incorporated by

4   reference as though fully set forth herein.

5        31.    At all times stated herein, defendants, and each of them, did not act as reasonable

6   and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

7   removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES  from

8   receiving the same goods and services as able bodied people and some of which may and did pose

9   a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of

10  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

11  bodily injury.

12       32.    As a legal result of defendants FUNE YA JAPANESE RESTAURANT, INC., a

13  California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the

14  SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996's failure

15  to act as a reasonable and prudent public accommodation in identifying, removing or creating

16  architectural barriers, policies, practices and procedures that denied access to plaintiffs and other

17  persons with disabilities, plaintiffs suffered the damages as alleged herein.

18       33.    As a further legal result of the actions and failure to act of defendants, and as a

19  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

20  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

21  CRAIG YATES  suffered a loss of his civil rights and his rights as a person with physical

22  disabilities to full and equal access to public facilities, and further suffered bodily injury on or

23  about August 15, 2008 and August 23, 2008, including, but not limited to, fatigue, stress, strain

24  and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

25  through architectural barriers.  Specifically, as a legal result of defendants negligence in the

26  design, construction and maintenance of the existing men's restroom.  Plaintiff CRAIG YATES

27  became trapped and in attempting to extricating himself, plaintiff suffered continuous, repetitive

28  and cumulative trauma to his upper extremities while attempting to open the restroom to exit.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

35.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

36.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996 , because defendants FUNE YA JAPANESE RESTAURANT,  INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996 maintained a sushi bar without access for persons with physical disabilities to its facilities, including but not limited to the entrance, dining area, men's restroom, women's restroom , and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

37.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

38.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the FUNE YA to be made accessible to meet the requirements of both California law and the Americans with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the sushi bar

2   as a public facility.

3       39.     Plaintiffs seek damages for violation of their civil rights on March 10, 2008,

4   March 14, 2008, March 16, 2008, August 15, 2008 and August 23, 2008 and they seek statutory

5   damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to

6   Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the

7   date that some or all remedial work should have been completed under the standard that the

8   landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was

9   readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject

10  public accommodation because of his knowledge and/or belief that neither some or all

11  architectural barriers had been removed and that said premises remains inaccessible to persons

12  with disabilities whether a wheelchair user or otherwise.

13      40.     On information and belief, defendants have been negligent in their affirmative duty

14  to identify the architectural barriers complained of herein and negligent in the removal of some or

15  all of said barriers.

16      41.     Because of defendants' violations, plaintiffs and other persons with physical

17  disabilities are unable to use public facilities such as those owned and operated by defendants on a

18  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

19  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

20  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

21  defendants to make the FUNE YA accessible to persons with disabilities.

22      42.     On information and belief, defendants have intentionally undertaken to modify and

23  alter existing building(s), and have failed to make them comply with accessibility requirements

24  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

25  of them, in failing to provide the required accessible public facilities at

26  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

27  despicable conduct carried out by defendants, and each of them, with a willful and conscious

28  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1   trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

2   profound example of defendants, and each of them, to other operators of other sushi bars and

3   other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code

4   §§ 51, 51.5 and 54.

5          43.     Plaintiffs are informed and believe and therefore allege that defendants FUNE YA

6   JAPANESE RESTAURANT,  INC., a California corporation; and RONALD B. WONG and

7   IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE

8   TRUST of January 19, 1996, and each of them, caused the subject building(s) which constitute the

9   FUNE YA  to be constructed, altered and maintained in such a manner that persons with physical

10  disabilities were denied full and equal access to, within and throughout said building(s) of the

11  sushi bar  and were denied full and equal use of said public facilities.  Furthermore, on

12  information and belief, defendants have continued to maintain and operate said bar and/or its

13  building(s) in such conditions up to the present time, despite actual and constructive notice to

14  such defendants that the configuration of the sushi bar  and/or its building(s) is in violation of the

15  civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the

16  membership of plaintiff DREES and the disability community which DREES serves.  Such

17  construction, modification, ownership, operation, maintenance and practices of such public

18  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

19  the ADA, 42 U.S.C. §12101, *et seq.*

20         44.     On personal knowledge, information and belief, the basis of defendants' actual and

21  constructive notice that the physical configuration of the facilities including, but not limited to,

22  architectural barriers constituting the FUNE YA and/or building(s) was in violation of the civil

23  rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

24  communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

25  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon

26  modification, improvement, or substantial repair of the subject premises and other properties

27  owned by these defendants, newspaper articles and trade publications regarding the Americans

28  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants'
failure, under state and federal law, to make the FUNE YA accessible is further evidence of
defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with
disabilities.  Despite being informed of such effect on plaintiff and other persons with physical
disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and
willfully refused to take any steps to rectify the situation and to provide full and equal access for
plaintiffs and other persons with physical disabilities to the sushi bar.  Said defendants, and each
of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other
persons with physical disabilities, up to the date of filing of this complaint, and continuing
thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein
by virtue of the demand letter addressed to the defendants and served concurrently with the
summons and complaint.  Said conduct, with knowledge of the effect it was and is having on
plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious
disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the
imposition of treble damages per Civil Code §§52 and 54.3.

45.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and
the disability community which it serves, consisting of persons with disabilities, would, could and
will return to the subject public accommodation when it is made accessible to persons with
disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
        DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
        corporation and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a
        California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the
        SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996,
        inclusive)
        (42 U.S.C. §12101, *et seq.*)

46.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
allegations contained in paragraphs 1 through 45 of this complaint.

///

47.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

48.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

51. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

52.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of FUNE YA JAPANESE RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

53.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

54.     On information and belief, construction work on, and modifications of, the subject building(s) of the sushi bar occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

55.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

///

56.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about August 23, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

57.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

58.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

59.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

60.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

61.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

62.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' FUNE YA JAPANESE

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   RESTAURANT.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or

2   jury determination, in accordance with California Civil Code §54.3(a) for each day on which they

3   visited or have been deterred from visiting the sushi bar because of their knowledge and belief

4   that the sushi bar is inaccessible to persons with disabilities.  California Civil Code §54.3(a)

5   provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

12       Civil Code §54.3(a)

13       63.     On or about March 10, 2008, March 14, 2008, March 16, 2008, August 15, 2008

14   and August 23, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in

15   that plaintiff CRAIG YATES was denied access to the entrance, dining area, men's restroom,

16   women's restroom and other public facilities as stated herein at the FUNE YA and on the basis

17   that plaintiff CRAIG YATES was a person with physical disabilities.

18       64.     As a result of the denial of equal access to defendants' facilities due to the acts and

19   omissions of defendants, and each of them, in owning, operating and maintaining these subject

20   public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

21   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

22   discomfort, bodily injury on or about August 15, 2008 and August 23, 2008, including, but not

23   limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on,

24   down, to, over, around and through architectural barriers.  Specifically, as a legal result of

25   defendants negligence in the design, construction and maintenance of the existing men's restroom,

26   plaintiff CRAIG YATES became trapped in the restroom.   plaintiff CRAIG YATES suffered

27   continuous, repetitive and cumulative trauma to his upper extremities while attempting to open

28   the men's restroom door to exit.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

65.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

66.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about March 10, 2008, March 14, 2008, March 16, 2008, August 15, 2008 and August 23, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

67.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3 , plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
3        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4        corporation and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a
         California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the
5        SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996
         inclusive)
6        (Health & Safety Code §19955, *et seq.*)

7        68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

8  allegations contained in paragraphs 1 through 67 of this complaint.

9        69.    Health & Safety Code §19955 provides in pertinent part:

10            The purpose of this part is to insure that public accommodations or
              facilities constructed in this state with private funds adhere to the
11            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
              of Title 1 of the Government Code.  For the purposes of this part
12            "public accommodation or facilities" means a building, structure,
              facility, complex, or improved area which is used by the general
13            public and shall include auditoriums, hospitals, theaters, restaurants,
              hotels, motels, stadiums, and convention centers.  When sanitary
14            facilities are made available for the public, clients or employees in
              such accommodations or facilities, they shall be made available for
15            the handicapped.

16        70.    Health & Safety Code §19956, which appears in the same chapter as §19955,

17  provides in pertinent part, "accommodations constructed in this state shall conform to the

18  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

19  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

20  public accommodations constructed or altered after that date.  On information and belief, portions

21  of the FUNE YA and/or of the building(s) were constructed and/or altered after July 1, 1970, and

22  substantial portions of the sushi bar and/or the building(s) had alterations, structural repairs,

23  and/or additions made to such public accommodations after July 1, 1970, thereby requiring said

24  sushi bar and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the

25  Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety

26  Code §19959.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

71.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the FUNE YA JAPANESE RESTAURANT and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

72.     Restaurants such as the FUNE YA JAPANESE RESTAURANT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

73.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

74.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2       75.      Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3   them, to make the subject place of public accommodation readily accessible to and usable by

4   persons with disabilities.

5       Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6   **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
7   **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
         SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8   (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9   corporation, and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a
    California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the
10  SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996,
    inclusive)
11  (Civil Code §51, 51.5)

12      76.      Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

13  allegations contained in paragraphs 1 through 75 of this complaint.

14      77.      Defendants' actions and omissions and failure to act as a reasonable and prudent

15  public accommodation in identifying, removing and/or creating architectural barriers, policies,

16  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

17  Unruh Act provides:

18          This section shall be known, and may be cited, as the Unruh
            Civil Rights Act.
19
            All persons within the jurisdiction of this state are free and
20      equal, and no matter what their sex, race, color, religion, ancestry,
        national origin, or **disability** are entitled to the full and equal
21      accommodations, advantages, facilities, privileges, or services in all
        business establishments of every kind whatsoever.
22
            This section shall not be construed to confer any right or
23      privilege on a person that is conditioned or limited by law or that is
        applicable alike to persons of every sex, color, race, religion,
24      ancestry, national origin, or **disability.**

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

2          Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

3    modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other

4    provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

5    in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,

6    alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

7          A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall

8    also constitute a violation of this section.

9    As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

10   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

11   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

12   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

13   defendants, and each of them.

14          78.    The acts and omissions of defendants stated herein are discriminatory in nature and

15   in violation of Civil Code §51.5:

16          No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,

17   or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of

18   the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,

19   suppliers, or customers.

20          As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,

21   limited liability company, or company.

22          Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

23   modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other

24   provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

25   in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,

26   alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

79.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §46, *et seq*., as if repled herein.

80.     As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on or about August 15, 2008 and August 23, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom.  Plaintiff CRAIG YATES became trapped, and plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to extricate himself from the men's restroom.

81.     Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq*.)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996, inclusive)
(42 U.S.C. §12101, *et seq*.)

1.     For injunctive relief, compelling defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996, inclusive, to make the FUNE YA JAPANESE RESTAURANT, located at 354 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq*.)

1.     For injunctive relief, compelling defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  January 19, 1996, inclusive, to make the FUNE YA JAPANESE RESTAURANT, located at 354

2  Clement Street, San Francisco, California, readily accessible to and usable by individuals with

3  disabilities, per state law.

4       2.       Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

5  each occasion on which plaintiffs were deterred from returning to the subject public

6  accommodation.

7       3.       Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

8  if plaintiffs are deemed the prevailing party;

9       4.       Treble damages pursuant to Civil Code §54.3;

10      5.       For all costs of suit;

11      6.       Prejudgment interest pursuant to Civil Code §3291;

12      7.       Such other and further relief as the court may deem just and proper.

13  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
14          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
          AND 54.3, *ET SEQ.***
15          (On Behalf of Plaintiff CRAIG YATES, and Against Defendants FUNE YA JAPANESE
          RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE
16          SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE
          TRUST of January 19, 1996, inclusive),
17          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

18      1.       General and compensatory damages according to proof.

19  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
          §19955, *ET. SEQ.***
20          (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
          EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
21          corporation, and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a
          California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the
22          SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996,
          inclusive)
23          (Health & Safety code §19955, *et seq.*)

24      1.       For injunctive relief, compelling defendants FUNE YA JAPANESE

25  RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO

26  HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   January 19, 1996, inclusive, to make the FUNE YA JAPANESE RESTAURANT, located at 354

2   Clement Street, San Francisco, California, readily accessible to and usable by individuals with

3   disabilities, per state law.

4       2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5,  and/or,

5   alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

6       3.      For all costs of suit;

7       4.      For prejudgment interest pursuant to Civil Code §3291;

8       5.      Such other and further relief as the court may deem just and proper.

9   **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
10  **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
    **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
    **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
11  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
    EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
12  corporation and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a
    California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the
13  SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996,
    inclusive)
14  (California Civil Code §§51, 51.5, *et seq.*)

15      1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

16  for each occasion on which plaintiffs were deterred from returning to the subject public

17  accommodation;

18      2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

19  prevailing party;

20      3.      Treble damages pursuant to Civil Code §52(a);

21      4.      For all costs of suit;

22      5.      Prejudgment interest pursuant to Civil Code §3291; and

23      6.      Such other and further relief as the court may deem just and proper.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants FUNE YA JAPANESE RESTAURANT, INC., a California corporation; and RONALD B. WONG and IRENE SOO HOO WONG or the SUCCESSOR in TRUST, TRUSTEES of a REVOCABLE TRUST of January 19, 1996, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: 9/10/08 , 2008          THOMAS E. FRANKOVICH,
                              *A PROFESSIONAL LAW CORPORATION*

                              By:

                              THOMAS E. FRANKOVICH
                              Attorneys for Plaintiffs CRAIG YATES and
                              DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                              SERVICES:HELPING YOU HELP OTHERS, a California
                              public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 9/10/08 , 2008          THOMAS E. FRANKOVICH,
                              *A PROFESSIONAL LAW CORPORATION*

                              By:

                              THOMAS E. FRANKOVICH
                              Attorneys for Plaintiffs CRAIG YATES and
                              DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                              SERVICES:HELPING YOU HELP OTHERS, a California
                              public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 12, 2008

Manager
Fune Ya
354 Clement St.
San Francisco, CA 94118

Dear Manager of Fune Ya:

I visited Fune Ya recently. As I use a wheelchair, my visit wasn't as nice as other people. I couldn't get into the restaurant until a food server saw me struggling to get the double doors open. One was pinned shut. Both doorways are too narrow. You have to open both. She did this for me.

It came time for me to use a restroom. I couldn't use the men's restroom because I was afraid of getting trapped in it. The door pressure was excessive. If I got in, I doubt I could get out. The stall looked much too small for me. I think moving the stall partition out would help. Check the women's. Maybe it could be used.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Fune Ya once it's accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.     You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 12, 2008

Owner of Building
Fune Ya
354 Clement St.
San Francisco, CA 94118

Dear Owner of Building for Fune Ya:

I visited Fune Ya recently. As I use a wheelchair, my visit wasn't as nice as other people. I couldn't get into the restaurant until a food server saw me struggling to get the double doors open. One was pinned shut. Both doorways are too narrow. You have to open both. She did this for me.

It came time for me to use a restroom. I couldn't use the men's restroom because I was afraid of getting trapped in it. The door pressure was excessive. If I got in, I doubt I could get out. The stall looked much too small for me. I think moving the stall partition out would help. Check the women's. Maybe it could be used.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Fune Ya once it's accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Fune Ya Japanese Cuisine

354 Clement St

San Francisco CA 94118

March 17.2008

Craig Yates

1004 Los Gamos Rd, Unit 3

San Rarael, CA94903

Dear Craig Yates:

We've received your letter and so appreciate of your visiting. Thank you so much of your suggestions and we already fix the problems. Also the attach coupon is for your next visiting. We are looking forward to see you soon. Thank you very much.

Best Regards

Fune Ya Japanese Cuisine